IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERI L. HENRY  )
 ) No. 15-519
v.  )

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for supplemental social security income and social security disability, based on allegations of mental and physical impairments. Plaintiff's claim was denied initially, and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or reweigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).   Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently."  Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ erred in failing to find that the residual symptoms of her closed head injury constitute a severe impairment; in assessing her residual functional capacity ("RFC"), by selectively or piecemeal reliance on the record; in failing to afford controlling weight to the opinions of her treating physicians; in his assessment of Listings 12.02, 12.04, and 12.06; and in his personal observations about Plaintiff at the hearing.

First, I address Plaintiff's contentions regarding her closed head injury.  An impairment is severe if it significantly limits an individual's physical or mental ability to do basic work activities.   The determination of whether Plaintiff suffers a severe impairment at step two of the sequential evaluation process is akin to a threshold screening procedure.   "So long as the ALJ rules in Plaintiff's favor by finding that any single impairment meets the severity threshold

required at step two, any error the ALJ made in this determination was harmless." Auriemma v. Colvin, 2015 U.S. Dist. LEXIS 115282, at *14 (D.N.J. Aug. 31, 2015). Here, the ALJ found that Plaintiff had several severe impairments, both mental and physical. Thus, remand would not be justified even if the ALJ erred with regard to Plaintiffs' closed head injury.

Next, Plaintiff contends that the ALJ improperly assessed the record in a piecemeal manner, rather than in its entirety. Plaintiff contends that the ALJ should have assessed the evidence regarding her mental health longitudinally, and in the context of the overall narrative. She suggests, in this context, that the limitations set forth in the RFC do not adequately account for her mental health conditions. The ALJ assessed the medical evidence, and found that the evidence, along with Plaintiff's minimal treatment history and activities of daily living did not support the severity of impairments alleged. The evidence to which Plaintiff specifically points – i.e., Plaintiff's score on a mood disorder questionnaire/bipolar screening, and Plaintiff's subjective reporting – do not render the ALJ's determination unsupported. The ALJ did not err, as urged, in analyzing the record.

Third, Plaintiff makes the conclusory suggestion that the ALJ dealt improperly with the opinions of her treating physicians. As Defendant points out, it is unclear to which opinions Plaintiff refers. It appears as though she treated with Dr. Fisher, a rheumatologist, Dr. Klain, her primary care physician, and Dr. Cassone, a psychiatrist. As far as opinion evidence, the only one of these physicians to opine as to Plaintiff's functional limitations was Dr. Klain. Dr. Klain's medical source statement, however, post-dates the ALJ's decision. The ALJ addressed the records of Plaintiff's other treating sources, and did so with sufficient grounds and specificity. At this time, therefore, I find no error in the ALJ's decision regarding Plaintiff's treating physicians.

Fourth, Plaintiff suggests that the ALJ dealt improperly with several Listings. In particular, she contends that she met the criteria of Listings 12.02, 12.04, and 12.06. The ALJ considered Listings 12.04 and 12.06, relating to affective disorders and organic mental disorders respectively. The ALJ concluded that Plaintiff did not have marked difficulties in at least two of the required areas, and had no repeated episodes of decompensation. Other than the conclusory assertion that her conditions are "so significant that they meet the criteria" of the Listings, Plaintiff offers no support for her contention. I find no error in the ALJ's approach to the Listings.

Finally, Plaintiff argues that the ALJ erred in observing that Plaintiff appeared articulate, well-tanned, well-groomed, and was wearing jewelry. While the ALJ "noted" Plaintiff's appearance in the context of recounting Plaintiff's ability to care for her personal needs and perform various activities of daily living, the ALJ did not base any conclusions on his observations alone. Instead, each conclusion was based on an analysis and recitation of the medical and other evidence of record. Again, I find no error.

## CONCLUSION

In sum, the ALJ's opinion was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 19th day of November, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court